UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRIVA FIGUEROA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:20-cv-181 |
| | ) | |
| COLLECTO, INC. d/b/a EOS CCA, FOSTER AND MONROE LLC, and COASTAL RECOVERY GROUP LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, TRIVA FIGUEROA ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendants, COLLECTO, INC. d/b/a EOS CCA ("Collecto"), FOSTER AND MONROE LLC ("Foster and Monroe") and COASTAL RECOVERY GROUP LLC ("Coastal Recovery Group") (collectively "Defendants"):

**INTRODUCTION**

1. Counts I through III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Counts IV through VI of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

1

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Defendants conduct business in Temple, Bell County, Texas.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Temple, Bell County, Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendants are debt collectors as that term is defined by the FDCPA and TDCA.

11. Defendants attempted to collect a consumer debt from Plaintiff.

12. Collecto is a collection agency located in Boston, Massachusetts.

13. Foster and Monroe is a collection agency located in Orchard Park, New York.

14. Coastal Recovery Group is a collection agency located in Orchard Park, New York.

15. Defendants are business entities engaged in the collection of debt within the State of Texas.

16. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

18. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

19. During the course of their attempts to collect debts allegedly owed to third parties,

Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendants are attempting to collect an alleged consumer debt from Plaintiff originating with Monterey Financial.

22. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

23. Within the past year of Plaintiff filing this Complaint, Collecto began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-1571, in an attempt to collect the alleged debt.

24. Collecto calls Plaintiff from 888-693-0347, which is one of Collecto's telephone numbers.

25. In or around February 2020, Plaintiff spoke with one of Collecto's female collectors and orally agreed with Collecto's female collector to make a payment to Collecto.

26. During the conversation, Plaintiff agreed with Collecto's female collector to allow a payment to be electronically withdrawn from Plaintiff's personal checking account and paid towards Plaintiff's alleged outstanding account balance.

27. The payment was scheduled to be withdrawn from Plaintiff's personal checking account on February 28, 2020.

28. Plaintiff did not execute any written or electronic writing memorializing or authorizing the automatic payment.

29. Plaintiff did not provide Collecto either with a written or an electronic signature

authorizing the automatic payment.

30. At no time did Plaintiff receive any written or electronic notification of Collecto's intent to withdraw payment from Plaintiff's checking account.

31. Upon information and belief, Foster and Monroe processes payment for Collecto.

32. Beginning on or about March 1, 2020, Foster and Monroe made several attempts to withdraw payment from Plaintiff's personal checking account.

33. Foster and Monroe's attempts to withdraw payment from Plaintiff's personal checking account were refused.

34. At no time did Plaintiff agree to or authorize Foster and Monroe to withdraw payment from Plaintiff's personal checking account.

35. At no time did Plaintiff receive any written or electronic notification of Foster and Morgan's intent to withdraw payment from Plaintiff's checking account.

36. On or about March 3, 2020 at 8:46 a.m., Foster and Monroe's female collector, Allison Watson, sent an e-mail message to Plaintiff in an attempt to collect the alleged debt.

37. The e-mail message from Foster and Monroe did not disclose the communication was an attempt to collect an alleged debt.

38. The e-mail from Foster and Monroe states that Plaintiff scheduled a payment to Foster and Monroe which was returned to its office as nonsufficient.

39. Plaintiff never scheduled a payment to Foster and Monroe.

40. Since Collecto began calling Plaintiff, Collecto's male collector, Don Marks, left the following voicemail messages on Plaintiff's telephone:

    a. "Hi, good morning. Triva, my name is Don Marks, I'm calling from Howard's office here at CCA office. Now, we did have a transaction scheduled with you for today in reference to your matter with our office concerning BMF 1099. I know that you had called in on Monday in references, so I just wanted to follow up with

    you. It looks like there was an issue with the bank accepting your arrangement in a do not honor status. So please give us a call back, let us know what the status is. If you're still having an issue with it, please give us a call, we do need to hear back from you today. Our telephone number here at the office is 1-888-693-0347. 1-888-693-0347. You can speak with Mr. Howard or myself, we'll be in the office until 5:30 again. Again, it's very important that you get in touch sometime today. 1-888-693-0347, good day ma'am."

   b. "Yes, hello. My name is Don Marks, I'm calling for Triva Figueroa. Triva, my office had scheduled an arrangement with you last Friday concerning a matter with our office referencing BMF 1099. Unfortunately, it did not clear. Obviously, we want to see what the situation is. We are looking to work with you on this. The bank did not process the arrangement so it could be just an issue that they don't recognize the merchant. Either way, please get in contact with us as soon as possible. Our number is 1-888-693-0347, 1-888-693-0347. Thank you for your time. Good evening."

   c. "Yes, good morning, Triva. My name is Don Marks, I'm calling from my offices here with the CCA. I'm still haven't heard back from you in reference to an arrangement set up with us last month. You had made an arrangement that declined on the 28th. We do need to hear back from you for us to retain this matter here in the office. Please get in touch with us as soon as possible at 1-888-693-0347. That's 1-888-693-0347. The reference is BMF 1099. Obviously we must address this matter with you immediately so we can notify the proper parties if you're in fact cooperating voluntarily and I must speak with you immediately at 1-888-693-0347. Thank you and good day."

   d. "Good morning, I'm trying to reach Triva Figueroa. My name is Don Marks. Please return this call immediately to my office at 1-888-693-0347. 1-888-693-0347. We do need to speak with you immediately pertaining to this matter."

41. At least two (2) voicemail messages Collecto left on Plaintiff's telephone did not disclose the communication was from Collecto.

42. At least four (4) voicemail messages Collecto left on Plaintiff's telephone did not disclose the communication was an attempt to collect an alleged debt.

43. On or about March 10, 2020 at 10:19 a.m., Coastal Recovery Group's female collector, Janette Franklin, sent an e-mail message to Plaintiff in an attempt to collect the alleged debt.

44. The e-mail message from Coastal Recovery Group did not disclose the communication

was an attempt to collect an alleged debt.

45. The e-mail from Coastal Recovery Group states that Plaintiff scheduled a payment to Coastal Recovery Group which was returned to its office as nonsufficient.

46. Plaintiff never scheduled a payment to Coastal Recovery Group.

47. Defendants are or should be familiar with the FDCPA and the TDCA.

48. Defendants know or should know the FDCPA and TDCA require a debt collector to disclose its identity when communicating with a consumer.

49. Defendants know or should know the FDCPA and TDCA require a debt collector to disclose that the communication is an attempt to collect a debt.

## COUNT I
## COLLECTO VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

51. Collecto violated the FDCPA based on the following:

   a. Collecto violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Collecto left voicemail messages on Plaintiff's telephone and did not disclose the communication was from Collecto;

   b. Collecto violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Collecto attempted to use Foster and Monroe to process payment from Plaintiff's personal checking account without authorization or consent from Plaintiff to do so;

   c. Collecto violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this

    subsection being applicable, when Collecto left voicemail messages on Plaintiff's telephone and did not disclose that the communication is from a debt collector;

  d. Collecto violated §1692f(2) of the FDCPA by accepting a payment instrument postdated by more than five days unless such person is notified in writing of the debt collectors intent to deposit such check or instrument, when Collecto failed to provide in writing any statement to Plaintiff of Collecto's intent to withdraw payment from Plaintiff's personal checking account; and

  e. Collecto violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Collecto engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, COLLECTO, INC. d/b/a EOS CCA, for the following:

  a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

  b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

  c. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## FOSTER AND MONROE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

53. Foster and Monroe violated the FDCPA based on the following:

  a. Foster and Monroe violated § 1692e(10) of the FDCPA by using any false

representation or deceptive means to collect or attempt to collect any debt, when Foster and Monroe created the false impression it was permitted to withdraw payment from Plaintiff's personal checking account without authorization or consent from Plaintiff to do so and when Foster and Monroe falsely represented that Plaintiff scheduled a payment to Foster and Monroe;

b. Foster and Monroe violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Foster and Monroe sent an e-mail message to Plaintiff and did not disclose that the communication is from a debt collector;

c. Foster and Monroe violated §1692f(2) of the FDCPA by accepting a payment instrument postdated by more than five days unless such person is notified in writing of the debt collectors intent to deposit such check or instrument, Foster and Monroe failed to provide in writing any statement to Plaintiff of Collecto's intent to withdraw payment from Plaintiff's personal checking account; and

d. Foster and Monroe violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Foster and Monroe engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, FOSTER AND MONROE LLC, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## COASTAL RECOVERY GROUP VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

55. Coastal Recovery Group violated the FDCPA based on the following:

   a. Coastal Recovery Group violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Coastal Recovery Group falsely represented that Plaintiff scheduled a payment to Coastal Recovery Group;

   b. Coastal Recovery Group violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Coastal Recovery Group sent an e-mail message to Plaintiff and did not disclose that the communication is from a debt collector; and

   c. Coastal Recovery Group violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Coastal Recovery Group engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, COASTAL RECOVERY GROUP LLC, for the following:

   a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    c. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## COLLECTO VIOLATED THE TEXAS DEBT COLLECTION ACT

56. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

57. Collecto violated the TDCA based on the following:

    a. Collecto violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, when Collecto left voicemail messages on Plaintiff's telephone and did not disclose the communication was from Collecto with the intent to annoy and harass Plaintiff;

    b. Collecto violated Tex. Fin. Code § 392.303(3)(A) by collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment, if, the check or draft was dishonored or the debit payment or credit card payment was refused because the check or draft was not drawn or the payment was not made by a person authorized to use the applicable account, when Collecto attempted to use Foster and Monroe to process payment from Plaintiff's personal checking account without authorization or consent from Plaintiff to do so; and

    c. Collecto violated Tex. Fin. Code § 392.304(5)(B) by failing to disclose that the communication is from a debt collector, when Collecto left voicemail messages on Plaintiff's telephone and did not disclose that the communication is from a debt collector.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, COLLECTO, INC. d/b/a EOS CCA, for the following:

a. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT V
## FOSTER AND MONROE VIOLATED THE TEXAS DEBT COLLECTION ACT

58. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count V of Plaintiff's Complaint.

59. Foster and Monroe violated the TDCA based on the following:

a. Foster and Monroe violated Tex. Fin. Code § 392.303(3)(A) by collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment, if, the check or draft was dishonored or the debit payment or credit card payment was refused because the check or draft was not drawn or the payment was not made by a person authorized to use the applicable account, when Foster and Monroe attempted to withdraw payment from Plaintiff's personal checking account without authorization or consent from Plaintiff to do so; and

b. Foster and Monroe violated Tex. Fin. Code § 392.304(5)(A) by failing to disclose that the communication is from a debt collector, when Foster and Monroe sent an e-mail message to Plaintiff and did not disclose that the communication is from a debt collector.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, FOSTER AND MONROE LLC, for the following:

a. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT VI
## COASTAL RECOVERY GROUP VIOLATED THE TEXAS DEBT COLLECTION ACT

60. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count VI of Plaintiff's Complaint.

61. Coastal Recovery Group violated the TDCA based on the following:

a. Coastal Recovery Group violated Tex. Fin. Code § 392.304(5)(A) by failing to disclose that the communication is from a debt collector, when Coastal Recovery Group sent an e-mail message to Plaintiff and did not disclose that the communication is from a debt collector.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, COASTAL RECOVERY GROUP LLC, for the following:

a. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

DATED:  March 11, 2020		RESPECTFULLY SUBMITTED,


			By: /s/ Michael S. Agruss
				Michael S. Agruss
				SBN: 6281600
				Agruss Law Firm, LLC
				4809 N. Ravenswood Ave., Suite 419
				Chicago, IL 60640
				Tel: 312-224-4695
				Fax: 312-253-4451
				michael@agrusslawfirm.com
				Attorney for Plaintiff