**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

TRIVA FIGUEROA,                                       )
                                                      )
　　　Plaintiff,                                       )
                                                      )
　　　v.                                               )          Case No. 6:20-cv-00181-ADA-JCM
                                                      )
COMPLETE CREDIT SOLUTIONS, INC.,                      )
FOSTER AND MONROE LLC, and                            )
COASTAL RECOVERY GROUP LLC,                           )
                                                      )
　　　Defendants.                                      )

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

　　　Plaintiff, TRIVA FIGUEROA ("Plaintiff"), through her attorney, Agruss Law Firm, LLC,

alleges the following against Defendants, COMPLETE CREDIT SOLUTIONS, INC. ("CCS"),

FOSTER AND MONROE LLC ("Foster and Monroe") and COASTAL RECOVERY GROUP

LLC ("Coastal Recovery Group") (collectively "Defendants"):

**INTRODUCTION**

1. Counts I through III of Plaintiff's First Amended Complaint is based on the Fair Debt

   Collection Practices Act 15 U.S.C. § 1692, et seq.  ("FDCPA").

2. Counts IV through VI of Plaintiff's First Amended Complaint is based on the Texas Debt

   Collection Act Tex. Fin. Code Ann. § 392, et al.  ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k,

   and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such

   actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court

supplemental jurisdiction over the state claims contained within.

5.  Defendants conduct business in Temple, Bell County, Texas.

6.  Venue and personal jurisdiction in this District are proper because Defendant does or

transacts business within this District, and a material portion of the events at issue occurred

in this District.

## PARTIES

7.  Plaintiff is a natural person residing in Temple, Bell County, Texas.

8.  Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendants are debt collectors as that term is defined by the FDCPA and TDCA.

11. Defendants attempted to collect a consumer debt from Plaintiff.

12. CCS is a collection agency located in Bedford, Texas.

13. Foster and Monroe is a collection agency located in Orchard Park, New York.

14. Coastal Recovery Group is a collection agency located in Orchard Park, New York.

15. Defendants are business entities engaged in the collection of debt within the State of

Texas.

16. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding

account balances.

17. The principal purpose of Defendants' business is the collection of debts allegedly owed to

third parties.

18. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

19. During the course of their attempts to collect debts allegedly owed to third parties,

Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendants are attempting to collect an alleged consumer debt from Plaintiff originating with Monterey Financial.

22. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

23. Upon information and belief, after Plaintiff's purported default on the alleged debt, the debt was charged off and purchased by CCS.

24. CCS contracted with a debt collection agency, CCA Group, to attempt to collect the alleged debt from Plaintiff on its behalf.

25. At all times relevant, CCA Group was an agent of CCS.

26. At all times relevant, CCS was acting through its agent CCA Group.

27. Within the past year of Plaintiff filing this Complaint, CCA Group began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-1571, in an attempt to collect the alleged debt.

28. CCA Group calls Plaintiff from 888-693-0347, which is one of CCA Group's telephone numbers.

29. In or around February 2020, Plaintiff spoke with one of CCA Group's female collectors and orally agreed with CCA Group's female collector to make a payment to CCA Group.

30. During the conversation, Plaintiff agreed with CCA Group's female collector to allow a

payment to be electronically withdrawn from Plaintiff's personal checking account and paid towards Plaintiff's alleged outstanding account balance.

31. The payment was scheduled to be withdrawn from Plaintiff's personal checking account on February 28, 2020.

32. Plaintiff did not execute any written or electronic writing memorializing or authorizing the automatic payment.

33. Plaintiff did not provide CCA Group either with a written or an electronic signature authorizing the automatic payment.

34. At no time did Plaintiff receive any written or electronic notification of CCA Group's intent to withdraw payment from Plaintiff's checking account.

35. Upon information and belief, Foster and Monroe processes payment for CCA Group.

36. Beginning on or about March 1, 2020, Foster and Monroe made several attempts to withdraw payment from Plaintiff's personal checking account.

37. Foster and Monroe's attempts to withdraw payment from Plaintiff's personal checking account were refused.

38. At no time did Plaintiff agree to or authorize Foster and Monroe to withdraw payment from Plaintiff's personal checking account.

39. At no time did Plaintiff receive any written or electronic notification of Foster and Morgan's intent to withdraw payment from Plaintiff's checking account.

40. On or about March 3, 2020 at 8:46 a.m., Foster and Monroe's female collector, Allison Watson, sent an e-mail message to Plaintiff in an attempt to collect the alleged debt.

41. The e-mail message from Foster and Monroe did not disclose the communication was an attempt to collect an alleged debt.

42. The e-mail from Foster and Monroe states that Plaintiff scheduled a payment to Foster and Monroe which was returned to its office as nonsufficient.

43. Plaintiff never scheduled a payment to Foster and Monroe.

44. Since CCA Group began calling Plaintiff, CCA Group's male CCA Group, Don Marks, left the following voicemail messages on Plaintiff's telephone:

   a. "Hi, good morning. Triva, my name is Don Marks, I'm calling from Howard's office here at CCA office. Now, we did have a transaction scheduled with you for today in reference to your matter with our office concerning BMF 1099. I know that you had called in on Monday in references, so I just wanted to follow up with you. It looks like there was an issue with the bank accepting your arrangement in a do not honor status. So please give us a call back, let us know what the status is. If you're still having an issue with it, please give us a call, we do need to hear back from you today. Our telephone number here at the office is 1-888-693-0347. 1-888-693-0347. You can speak with Mr. Howard or myself, we'll be in the office until 5:30 again. Again, it's very important that you get in touch sometime today. 1-888-693-0347, good day ma'am."

   b. "Yes, hello. My name is Don Marks, I'm calling for Triva Figueroa. Triva, my office had scheduled an arrangement with you last Friday concerning a matter with our office referencing BMF 1099. Unfortunately, it did not clear. Obviously, we want to see what the situation is. We are looking to work with you on this. The bank did not process the arrangement so it could be just an issue that they don't recognize the merchant. Either way, please get in contact with us as soon as possible. Our number is 1-888-693-0347, 1-888-693-0347. Thank you for your time. Good evening."

   c. "Yes, good morning, Triva. My name is Don Marks, I'm calling from my offices here with the CCA. I'm still haven't heard back from you in reference to an arrangement set up with us last month. You had made an arrangement that declined on the 28th. We do need to hear back from you for us to retain this matter here in the office. Please get in touch with us as soon as possible at 1-888-693-0347. That's 1-888-693-0347. The reference is BMF 1099. Obviously we must address this matter with you immediately so we can notify the proper parties if you're in fact cooperating voluntarily and I must speak with you immediately at 1-888-693-0347. Thank you and good day."

   d. "Good morning, I'm trying to reach Triva Figueroa. My name is Don Marks. Please return this call immediately to my office at 1-888-693-0347. 1-888-693-0347. We do need to speak with you immediately pertaining to this matter."

45. At least two (2) voicemail messages CCA Group left on Plaintiff's telephone did not

disclose the communication was from CCA Group.

46. At least four (4) voicemail messages CCA Group left on Plaintiff's telephone did not disclose the communication was an attempt to collect an alleged debt.

47. On or about March 10, 2020 at 10:19 a.m., Coastal Recovery Group's female collector, Janette Franklin, sent an e-mail message to Plaintiff in an attempt to collect the alleged debt.

48. The e-mail message from Coastal Recovery Group did not disclose the communication was an attempt to collect an alleged debt.

49. The e-mail from Coastal Recovery Group states that Plaintiff scheduled a payment to Coastal Recovery Group which was returned to its office as nonsufficient.

50. Plaintiff never scheduled a payment to Coastal Recovery Group.

51. Defendants are or should be familiar with the FDCPA and the TDCA.

52. Defendants know or should know the FDCPA and TDCA require a debt collector to disclose its identity when communicating with a consumer.

53. Defendants know or should know the FDCPA and TDCA require a debt collector to disclose that the communication is an attempt to collect a debt.

## COUNT I
## CCS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff repeats and re-alleges paragraphs 1-53 of Plaintiff's First Amended Complaint as the allegations in Count I of Plaintiff's First Amended Complaint.

55. CCS violated the FDCPA based on the following:

   a. CCS violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when CCS's agent left voicemail messages on Plaintiff's telephone and did not disclose the caller's identity;

b.  CCS violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when CCS's agent attempted to use Foster and Monroe to process payment from Plaintiff's personal checking account without authorization or consent from Plaintiff to do so;

c.  CCS violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when CCS's agent left voicemail messages on Plaintiff's telephone and did not disclose that the communication is from a debt collector;

d.  CCS violated §1692f(2) of the FDCPA by accepting a payment instrument postdated by more than five days unless such person is notified in writing of the debt collectors intent to deposit such check or instrument, when CCS and its' agent failed to provide in writing any statement to Plaintiff of its' intent to withdraw payment from Plaintiff's personal checking account; and

e.  CCS violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when CCS engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, COMPLETE CREDIT SOLUTIONS, INC., for the following:

a.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c.  Any other relief that this Honorable Court deems appropriate.

## COUNT II
## FOSTER AND MONROE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff repeats and re-alleges paragraphs 1-53 of Plaintiff's First Amended Complaint as the allegations in Count II of Plaintiff's First Amended Complaint.

57. Foster and Monroe violated the FDCPA based on the following:

a.  Foster and Monroe violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Foster and Monroe created the false impression it was permitted to withdraw payment from Plaintiff's personal checking account without authorization or consent from Plaintiff to do so and when Foster and Monroe falsely represented that Plaintiff scheduled a payment to Foster and Monroe;

b.  Foster and Monroe violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Foster and Monroe sent an e-mail message to Plaintiff and did not disclose that the communication is from a debt collector;

c.  Foster and Monroe violated §1692f(2) of the FDCPA by accepting a payment instrument postdated by more than five days unless such person is notified in writing of the debt collectors intent to deposit such check or instrument, Foster and Monroe failed to provide in writing any statement to Plaintiff of CCS's intent to withdraw payment from Plaintiff's personal checking account; and

d.  Foster and Monroe violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when

8

Foster and Monroe engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, FOSTER AND MONROE LLC, for the following:

a.   Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b.   Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c.   Any other relief that this Honorable Court deems appropriate.

## COUNT III
## COASTAL RECOVERY GROUP VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

58. Plaintiff repeats and re-alleges paragraphs 1-53 of Plaintiff's First Amended Complaint as the allegations in Count III of Plaintiff's First Amended Complaint.

59. Coastal Recovery Group violated the FDCPA based on the following:

a.   Coastal Recovery Group violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Coastal Recovery Group falsely represented that Plaintiff scheduled a payment to Coastal Recovery Group;

b.   Coastal Recovery Group violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Coastal Recovery Group sent an e-mail message to Plaintiff and did not disclose that the communication is from a debt collector; and

c.   Coastal Recovery Group violated § 1692(f) of the FDCPA by using fair or

unconscionable means in connection with the collection of an alleged debt, when

Coastal Recovery Group engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered

against Defendant, COASTAL RECOVERY GROUP LLC, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act,

15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## CCS VIOLATED THE TEXAS DEBT COLLECTION ACT

60. Plaintiff repeats and re-alleges paragraphs 1-53 of Plaintiff's First Amended Complaint as

the allegations in Count IV of Plaintiff's First Amended Complaint.

61. CCS violated the TDCA based on the following:

a. CCS violated Tex. Fin. Code § 392.302(2) by placing telephone calls without

disclosing the name of the individual making the call and with the intent to annoy,

harass, or threaten a person at the called number, when CCS's agent left voicemail

messages on Plaintiff's telephone and did not disclose the caller's identity with the

intent to annoy and harass Plaintiff;

b. CCS violated Tex. Fin. Code § 392.303(3)(A) by collecting or attempting to collect

an obligation under a check, draft, debit payment, or credit card payment, if, the

check or draft was dishonored or the debit payment or credit card payment was

refused because the check or draft was not drawn or the payment was not made by

a person authorized to use the applicable account, when CCS's agent attempted to

use Foster and Monroe to process payment from Plaintiff's personal checking account without authorization or consent from Plaintiff to do so; and

c.  CCS violated Tex. Fin. Code § 392.304(5)(B) by failing to disclose that the communication is from a debt collector, when CCS's agent left voicemail messages on Plaintiff's telephone and did not disclose that the communication is from a debt collector.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered against Defendant, COMPLETE CREDIT SOLUTIONS, INC., for the following:

a.  For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b.  For attorneys' fees, costs and disbursements;

c.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT V
## FOSTER AND MONROE VIOLATED THE TEXAS DEBT COLLECTION ACT

62. Plaintiff repeats and re-alleges paragraphs 1-53 of Plaintiff's First Amended Complaint as the allegations in Count V of Plaintiff's First Amended Complaint.

63. Foster and Monroe violated the TDCA based on the following:

a.  Foster and Monroe violated Tex. Fin. Code § 392.303(3)(A) by collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment, if, the check or draft was dishonored or the debit payment or credit card payment was refused because the check or draft was not drawn or the payment was not made by a person authorized to use the applicable account, when Foster

and Monroe attempted to withdraw payment from Plaintiff's personal checking

account without authorization or consent from Plaintiff to do so; and

b.   Foster and Monroe violated Tex. Fin. Code § 392.304(5)(A) by failing to disclose

that the communication is from a debt collector, when Foster and Monroe sent an

e-mail message to Plaintiff and did not disclose that the communication is from a

debt collector.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered

against Defendant, FOSTER AND MONROE LLC, for the following:

a.   For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403

and/or Tex. Bus. & Com. Code § 17.50(d);

b.   For attorneys' fees, costs and disbursements;

c.   Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d.   For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

## COUNT VI
## COASTAL RECOVERY GROUP VIOLATED THE TEXAS DEBT COLLECTION ACT

64.  Plaintiff repeats and re-alleges paragraphs 1-53 of Plaintiff's First Amended Complaint as

the allegations in Count VI of Plaintiff's First Amended Complaint.

65.  Coastal Recovery Group violated the TDCA based on the following:

a.   Coastal Recovery Group violated Tex. Fin. Code § 392.304(5)(A) by failing to

disclose that the communication is from a debt collector, when Coastal Recovery

Group sent an e-mail message to Plaintiff and did not disclose that the

communication is from a debt collector.

WHEREFORE, Plaintiff, TRIVA FIGUEROA, respectfully requests judgment be entered

against Defendant, COASTAL RECOVERY GROUP LLC, for the following:

    a.  For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403

        and/or Tex. Bus. & Com. Code § 17.50(d);

    b.  For attorneys' fees, costs and disbursements;

    c.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

    d.  For any such other and further relief, as well as further costs, expenses and

        disbursements of this action, as this Court may deem just and proper.


DATED:  March 16, 2020         RESPECTFULLY SUBMITTED,


         By: /s/ Michael S. Agruss
            Michael S. Agruss
            SBN: 6281600
            Agruss Law Firm, LLC
            4809 N. Ravenswood Ave., Suite 419
            Chicago, IL 60640
            Tel: 312-224-4695
            Fax: 312-253-4451
            michael@agrusslawfirm.com
            Attorney for Plaintiff